DISTRICT COURT REPORTS. 155

Baker vs. Von Pelt.—Waldon vs. Haines & Dobinbish.

new matter, for insufficiency, and contends that the agreement therein set forth between Morrison, Stone, and defendant, and all the facts relating thereto, are insufficient in law to create a defense, on the ground that the same are contrary to public policy, and therefore void; and further states that all the parts of the answer not embraced in a direct denial of the allegations of the complaint, are insufficient to constitute a defense.

E. D. Sawyer, for plaintiff.

A. P. Crittenden, for defendant.

---

## WALDON vs. HAINES AND DOBINBISH.

*Third Judicial District Court, July, 1857.*

STATUTE OF LIMITATIONS—ENDORSEMENT—PARTNERSHIP.

An endorsement of payment upon a note, uncorroborated by evidence, is not sufficient to prevent the Statute of Limitations from attaching.

If the payment, as endorsed, was made before the partnership was dissolved, it was an implied admission of the debt, and the Statute of Limitations is no bar to its recovery; but if paid after the dissolution, there was no liability created upon the retired partners.

This suit is founded on a note made by Haines in the name of the firm of Haines & Dobinbish, in the year 1850, for $1,600, at 5 per cent. per month interest. On the note was endorsed a credit of $500, five days before the Statute of Limitations would have barred the debt.

This payment was made by Haines. Subsequently, and just before this suit was instituted, Haines, in the name of the firm, endorsed an acknowledgment that the residue of the note was unpaid, and that the debt was just, and was signed by him.

*Nutter,* for plaintiff.

*Redman, Younger and Ryland,* for defendant.

HESTER, J., held that a mere endorsement of payment appearing upon the note, uncorroborated by evidence, was not sufficient to prevent the Statute of Limitations from attaching. Held, also, that if the payment was in fact made at the time of the endorsement of credit, the partnership then continuing, such payment was an implied admission of the debt, and the Statute of Limitations was no bar to its recovery.

Held, also, that if the note was a partnership note, and the said endorsement to revive the debt was made by Haines, in the name of the firm, the partnership still then continuing, such endorsement took the case out of the operation of the Statute ; but if the partnership had then ceased to exist, the endorsement by Haines did not create or continue the liability of Dobinbish.